UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MARIA O. ESTEVEZ,
a Florida resident and citizen,

      Plaintiff,

v.

MSC CRUISES (USA) INC.,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, MARIA O. ESTEVEZ, by and through undersigned counsel, files this Complaint against Defendant MSC CRUISES (USA) INC., a corporation with its principal place of business in Florida, and alleges:

## PRELIMINARY ALLEGATIONS INCORPORATED
## BY REFERENCE INTO ALL COUNTS - JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in an amount exceeding seventy-five thousand dollars ($75,000.00) exclusive of interest and costs. The damages alleged in Paragraphs 11 and 14, including a patellar fracture, support a claim of over $75,000.00 in damages.

2. The Plaintiff is sui juris and is a resident and citizen of Miami-Dade County, Florida.

3. The Defendant MSC CRUISES (USA) INC. is a foreign corporation with its principal place of business in Ft. Lauderdale, Broward County, Florida. For federal jurisdictional purposes, MSC CRUISES (USA) INC. is a citizen of Florida.

ESTEVEZ v. MSC CRUISES (USA) INC.
CASE NO.

4.  This court has subject matter jurisdiction in admiralty pursuant to Title 28, Section 1333, United States Code, and Rule 9 (h) of the Federal Rules of Civil Procedure.

5.  At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6.  At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7.  In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff, to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Thus, venue is proper in this Court.

8.  Venue is also proper in this district because the Defendant's principal place of business is located within this district.

9.  The Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and written medical records were prepared onboard the ship. Furthermore, the Plaintiff gave the Defendant by letter a timely written notice of claim, as required by the ticket contract.

**PRELIMINARY ALLEGATIONS INCORPORATED
BY REFERENCE INTO ALL COUNTS - FALL AND RESULTING DAMAGES**

10. At all material times, including the accident date of June 21, 2018, the Plaintiff was a fare paying passenger of the Defendant and was lawfully present aboard the M/S

ESTEVEZ v. MSC CRUISES (USA) INC.
CASE NO.

"SEASIDE", a passenger vessel.

11. On June 21, 2018, while the Plaintiff was on board the M/S SEASIDE as a fare paying passenger, while walking to the Ipanema Restaurant of Deck 6 for dinner, she tripped and fell on a hidden change of elevation on the floor, sustaining serious injuries, including internal derangement of the right shoulder.

12. The area in which the Plaintiff fell sustained high passenger traffic.

13. In the exercise of reasonable care, the Defendant should have known of the high passenger traffic volume in the area where the Plaintiff fell and knew or should have known of the dangerous condition to passengers walking in the area, including Plaintiff.

14. As a direct and proximate result of the fall described in Paragraph 11 above, the Plaintiff was injured in and about her body and extremities, sustaining injuries including internal derangement of the right shoulder, suffered pain therefrom, sustained mental anguish, disfigurement, disability and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of her injuries. The Plaintiff also suffered a loss of earnings in the past and will suffer a loss of earnings capacity in the future. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I

15. The Plaintiff adopts, realleges and incorporates by reference all of the preliminary allegations in Paragraphs 1 through 14 above and further alleges the following matters.

16. At all material times, the Defendant, as operator of the M/S SEASIDE owed the

ESTEVEZ v. MSC CRUISES (USA) INC.
CASE NO.

Plaintiff, as a fare paying passenger lawfully on board the cruise vessel, a duty of reasonable care for her safety.

17. At all material times, the Defendant's duty of reasonable care included vicarious liability for negligent acts or omissions of Defendant's crew while acting in the course of their duties as crew and in furtherance of the vessel's business.

18. At all material times, the Defendant's crewmembers responsible for the maintenance of the area where Plaintiff fell were acting in the course of their duties as crew and in furtherance of the vessel's business.

19. At all material times, the Defendant's duty of reasonable care included a duty to correct hazards to passengers of which its crew, acting in the course of their duties as crew and in furtherance of the vessel's business, had constructive notice.

20. At all material times, the floor/deck area on Deck 6 of the vessel was in a condition hazardous to passengers traversing the area, due to the presence of a hidden change of elevation causing the floor/deck surface to be a tripping hazard and thereby creating a risk of passengers tripping and falling as the Plaintiff did.

21. The hazardous condition described in the preceding paragraph had existed for a sufficient length of time that the Defendant's crewmembers should have detected the hazard and corrected it by cordoning off the area near the elevators before the Plaintiff fell.

22. Notwithstanding their constructive notice of the trip and fall hazard as described in the preceding paragraph, the Defendant's crewmembers failed to correct the hazard by cordoning off the floor/deck area on Deck 6 before the Plaintiff fell and thereby failed to exercise

4

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

ESTEVEZ v. MSC CRUISES (USA) INC.
CASE NO.

reasonable care and were negligent.

23.     As a direct and proximate result of the negligence of Defendant's crewmembers described in the preceding paragraph, for which the Defendant is vicariously liable as alleged in Paragraph 17 above, the Plaintiff has sustained and will continue in the future to sustain the damages described in Paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the cost of this action.

## COUNT II

24.     The Plaintiff adopts, realleges and incorporates by reference all of the preliminary allegations in Paragraphs 1 through 14 above and further alleges the following matters.

25.     At all material times, the Defendant, as operator of the M/S SEASIDE owed the Plaintiff, as a fare paying passenger lawfully on board the cruise vessel, a duty of reasonable care for her safety.

26.     At all material times, the Defendant's duty of reasonable care included vicarious liability for negligent acts or omissions of Defendant's crew while acting in the course of their duties as crew and in furtherance of the vessel's business.

27.     At all material times, the Defendant's crewmembers responsible for the maintenance of the area where Plaintiff fell were acting in the course of their duties as crew and in furtherance of the vessel's business.

28.     At all material times, the Defendant's duty of reasonable care included a duty to correct hazards to passengers of which its crew, acting in the course of their duties as crew and in

ESTEVEZ v. MSC CRUISES (USA) INC.
CASE NO.

furtherance of the vessel's business, had constructive notice.

29.     At all material times, the floor/deck area on Deck 6 of the vessel was in a condition hazardous to passengers traversing the area, due to the presence of a hidden change of elevation causing the floor/deck surface to be a tripping hazard and thereby creating a risk of passengers tripping and falling as the Plaintiff did.

30.     The hazardous condition described in the preceding paragraph recurred so frequently and regularly before the date of the Plaintiff's fall that the Defendant's crewmembers should have anticipated the recurrence of the hazard and corrected it by cordoning off the floor/deck area on Deck 6 before the Plaintiff fell.

31.     Notwithstanding their constructive notice of the trip and fall hazard as described in the preceding paragraph, the Defendant's crewmembers failed to correct the hazard by cordoning off the floor/deck area on Deck 6 before the Plaintiff fell and thereby failed to exercise reasonable care and were negligent.

32.     As a direct and proximate result of the negligence of Defendant's crewmembers described in the preceding paragraph, for which the Defendant is vicariously liable as alleged in Paragraph 26 above, the Plaintiff has sustained and will continue in the future to sustain the damages described in Paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the cost of this action.

## COUNT III

33.     The Plaintiff adopts, realleges and incorporates by reference all of the preliminary

ESTEVEZ v. MSC CRUISES (USA) INC.
CASE NO.

allegations in Paragraphs 1 through 14 above and further alleges the following matters.

34. At all material times, the Defendant, as operator of the M/S SEASIDE owed the Plaintiff, as a fare paying passenger lawfully on board the cruise vessel, a duty of reasonable care for her safety.

35. At all material times, the Defendant's duty of reasonable care included vicarious liability for negligent acts or omissions of Defendant's crew while acting in the course of their duties as crew and in furtherance of the vessel's business.

36. At all material times, the Defendant's crewmembers responsible for the maintenance of the floor/deck area on Deck 6 were acting in the course of their duties as crew and in furtherance of the vessel's business.

37. At all material times, the Defendant's duty of reasonable care included a duty to correct hazards to passengers of which its crew, acting in the course of their duties as crew and in furtherance of the vessel's business, had actual notice.

38. At all material times, the floor/deck area on Deck 6 of the vessel was in a condition hazardous to passengers traversing the area, due to the presence of a hidden change of elevation causing the floor/deck surface to be a tripping hazard and thereby creating a risk of passengers tripping and falling as the Plaintiff did.

39. At all material times, the Defendant's crewmembers had actual notice of the hazardous condition described in the preceding paragraph.

40. Notwithstanding their actual notice of the trip and fall hazard as described in the preceding paragraph, the Defendant's crewmembers failed to correct the hazard by cordoning off

7
GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

ESTEVEZ v. MSC CRUISES (USA) INC.
CASE NO.

the floor/deck area on Deck 6 before the Plaintiff fell and thereby failed to exercise reasonable care and were negligent.

41.  As a direct and proximate result of the negligence of Defendant's crewmembers described in the preceding paragraph, for which the Defendant is vicariously liable as alleged in Paragraph 35 above, the Plaintiff has sustained and will continue in the future to sustain the damages described in Paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the cost of this action.

## COUNT IV

42.  The Plaintiff adopts, realleges and incorporates by reference all of the preliminary allegations in Paragraphs 1 through 14 above and further alleges the following matters.

43.  At all material times, the Defendant, as operator of the M/S SEASIDE owed the Plaintiff, as a fare paying passenger lawfully on board the cruise vessel, a duty of reasonable care for her safety.

44.  At all material times, the Defendant's duty of reasonable care included vicarious liability for negligent acts or omissions of Defendant's crew while acting in the course of their duties as crew and in furtherance of the vessel's business.

45.  At all material times, the Defendant's crewmembers responsible for the maintenance of the floor/deck area on Deck 6 were acting in the course of their duties as crew and in furtherance of the vessel's business.

46.  At all material times, the Defendant's duty of reasonable care included a duty to

ESTEVEZ v. MSC CRUISES (USA) INC.
CASE NO.

warn passengers of hazards of which its crew, acting in the course of their duties as crew and in furtherance of the vessel's business, had constructive notice.

47. At all material times, the floor/deck area on Deck 6 of the vessel was in a condition hazardous to passengers traversing the area, due to the presence of a hidden change of elevation causing the floor/deck surface to be a tripping hazard and thereby creating a risk of passengers tripping and falling as the Plaintiff did.

48. The hazardous condition described in the preceding paragraph had existed for a sufficient length of time that the Defendant's crewmembers should have detected the hazard and warned passengers of it before the Plaintiff fell.

49. Notwithstanding their constructive notice of the trip and fall hazard as described in the preceding paragraph, the Defendant's crewmembers failed to warn passengers of the before the Plaintiff fell and thereby failed to exercise reasonable care and were negligent.

50. As a direct and proximate result of the negligence of Defendant's crewmembers described in the preceding paragraph, for which the Defendant is vicariously liable as alleged in Paragraph 44 above, the Plaintiff has sustained and will continue in the future to sustain the damages described in Paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the cost of this action.

## COUNT V

51. The Plaintiff adopts, realleges and incorporates by reference all of the preliminary allegations in Paragraphs 1 through 14 above and further alleges the following matters.

ESTEVEZ v. MSC CRUISES (USA) INC.
CASE NO.

52. At all material times, the Defendant, as operator of the M/S SEASIDE owed the Plaintiff, as a fare paying passenger lawfully on board the cruise vessel, a duty of reasonable care for her safety.

53. At all material times, the Defendant's duty of reasonable care included vicarious liability for negligent acts or omissions of Defendant's crew while acting in the course of their duties as crew and in furtherance of the vessel's business.

54. At all material times, the Defendant's crewmembers responsible for the maintenance of the floor/deck area on Deck 6 were acting in the course of their duties as crew and in furtherance of the vessel's business.

55. At all material times, the Defendant's duty of reasonable care included a duty to warn passengers of hazards of which its crew, acting in the course of their duties as crew and in furtherance of the vessel's business, had actual notice.

56. At all material times, the floor/deck area on Deck 6 of the vessel was in a condition hazardous to passengers traversing the area, due to the presence of a hidden change of elevation causing the floor/deck surface to be a tripping hazard and thereby creating a risk of passengers tripping and falling as the Plaintiff did.

57. At all material times, the Defendant's crewmembers had actual notice of the hazardous condition described in the preceding paragraph.

58. Notwithstanding their actual notice of the trip and fall hazard as described in the preceding paragraph, the Defendant's crewmembers failed to warn passengers of it before the Plaintiff fell and thereby failed to exercise reasonable care and were negligent.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

ESTEVEZ v. MSC CRUISES (USA) INC.
CASE NO.

52. At all material times, the Defendant, as operator of the M/S SEASIDE owed the Plaintiff, as a fare paying passenger lawfully on board the cruise vessel, a duty of reasonable care for her safety.

53. At all material times, the Defendant's duty of reasonable care included vicarious liability for negligent acts or omissions of Defendant's crew while acting in the course of their duties as crew and in furtherance of the vessel's business.

54. At all material times, the Defendant's crewmembers responsible for the maintenance of the floor/deck area on Deck 6 were acting in the course of their duties as crew and in furtherance of the vessel's business.

55. At all material times, the Defendant's duty of reasonable care included a duty to warn passengers of hazards of which its crew, acting in the course of their duties as crew and in furtherance of the vessel's business, had actual notice.

56. At all material times, the floor/deck area on Deck 6 of the vessel was in a condition hazardous to passengers traversing the area, due to the presence of a hidden change of elevation causing the floor/deck surface to be a tripping hazard and thereby creating a risk of passengers tripping and falling as the Plaintiff did.

57. At all material times, the Defendant's crewmembers had actual notice of the hazardous condition described in the preceding paragraph.

58. Notwithstanding their actual notice of the trip and fall hazard as described in the preceding paragraph, the Defendant's crewmembers failed to warn passengers of it before the Plaintiff fell and thereby failed to exercise reasonable care and were negligent.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

ESTEVEZ v. MSC CRUISES (USA) INC.
CASE NO.

59. As a direct and proximate result of the negligence of Defendant's crewmembers described in the preceding paragraph, for which the Defendant is vicariously liable as alleged in Paragraph 62 above, the Plaintiff has sustained and will continue in the future to sustain the damages described in Paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the cost of this action.

## COUNT VII

60. The Plaintiff adopts, realleges and incorporates by reference all of the preliminary allegations in Paragraphs 1 through 14 above and further alleges the following matters.

61. At all material times, the Defendant, as operator of the M/S SEASIDE owed the Plaintiff, as a fare paying passenger lawfully on board the cruise vessel, a duty of reasonable care for her safety.

62. At all material times, the Defendant's direct duty of reasonable care to its passengers included a duty to adopt and implement policies providing for adequate inspection and maintenance of the Defendant's vessel; adequate inspection and maintenance policies being policies that would lead to timely detection and correction or warning of trip and fall hazards.

63. At all material times, the Defendant failed to adopt, implement and enforce adequate inspection and maintenance policies for the floor/deck area on Deck 6 of the vessel and its surrounding area, which was subject to high passenger traffic as alleged in Paragraph 12 above.

64. At all material times, the floor/deck area on Deck 6 of the vessel was in a

ESTEVEZ v. MSC CRUISES (USA) INC.
CASE NO.

condition hazardous to passengers traversing the area, due to the presence of a hidden change of elevation causing the floor/deck surface to be a tripping hazard and thereby creating a risk of passengers tripping and falling as the Plaintiff did.

65. At all material times, due to the absence of adequately promulgated, implemented and enforced policies regarding inspection and maintenance, the Defendant did not know of the hazardous condition described in the preceding paragraph, but should in the exercise of reasonable care have known about it. The Defendant therefore had constructive notice of the hazardous condition.

66. At all material times, due to the absence of adequately promulgated, implemented and enforced policies regarding inspection and maintenance, the Defendant did not know of the hazardous condition described in Paragraph 73 above, and therefore did not correct or warn of it before the Plaintiff tripped and fell. The Defendant was thereby negligent.

67. As a direct and proximate result of the Defendant's negligence described in the preceding paragraph, the Plaintiff has sustained and will continue in the future to sustain the damages described in Paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the cost of this action.

## **DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 12th day of July, 2019.

12
GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

ESTEVEZ v. MSC CRUISES (USA) INC.
CASE NO.

                                         **s/NICHOLAS I. GERSON**
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
ybella@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
RAUL G. DELGADO II
Florida Bar No. 94004
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:   (305) 371-6000
Facsimile:   (305) 371-5749