UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 19-61731-CIV-MOORE/HUNT

MARIA O. ESTEVEZ,

       Plaintiff,

v.

MSC CRUISES (USA), INC.,

       Defendant.
_____/

## ORDER

This matter is before this Court on Plaintiff's Motion to Compel Disclosure of Prior Incident Identity and Contact Information ("Motion"). ECF No. 32. The Honorable K. Michael Moore, Chief Judge, referred this case to the undersigned for all pretrial discovery. ECF. No. 5; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough and careful review of the record, the applicable law, and being otherwise fully advised in the premises, Plaintiff's Motion is GRANTED for the reasons set forth below.

**I.     Background**

This action arises from injuries Maria O. Estevez ("Plaintiff") suffered on MSC Cruises' ("Defendant") cruise line. ECF No. 1. Plaintiff alleges that she fell in a high traffic area on Defendant's cruise ship due to a hidden change in the elevation of the flooring. ECF No. 1. Plaintiff filed this Motion alleging that Defendant's Corporate Representative refused to disclose the identity and contact information of the individual who reported a prior incident during a deposition. ECF No. 32. Defendant filed a response and Plaintiff filed a reply in support of her Motion. ECF Nos. 33, 36.

## II.     Parties' Arguments

Plaintiff first argues that during the deposition of the corporate representative she questioned the representative regarding a prior incident that took place in April 2018. However, Plaintiff claims the corporate representative refused to disclose the identity of the victim. Further, Plaintiff contends that the corporate representative could not provide basic information about the prior incident such as: on what deck the accident took place; on what type of flooring the incident took place; or how the accident itself took place.

Plaintiff argues that she now needs the identity and contact information of the individual because the corporate representative was unable to provide basic facts about the previous incident. Plaintiff argues that she now must get this information from the victim to establish that the prior incident is substantially similar to the incident that took place in this case.

Plaintiff further argues that neither HIPAA, Florida Statute 456.057, nor the EU's privacy restrictions prohibit Defendant from giving Plaintiff the individual's name or contact information. Plaintiff argues that HIPAA does not prohibit disclosure because Plaintiff is not seeking information related to the individual's health, injuries, or treatment. Further, Plaintiff contends that Defendant is not a covered entity under HIPAA because Defendant is not a Health Care Provider, Health Care Plan, or Health Care Clearinghouse.

Defendant first responds that the corporate representative was fully prepared and responded to each of Plaintiff's questions with the all the knowledge of the incident at Defendant's disposal. Defendant claims that due to the previous victim's failure to timely disclose the prior incident, Defendant does not know whether the fall took place on either deck 6 or 8 and does not know how the fall took place.

Next Defendant argues that the previous victim provided the information in conjunction with seeking medical treatment on the vessel, and thus providing identifiable information for a passenger treated at the ship's medical center would be a clear violation of both HIPAA and the FIPA.

Defendant states that it can only provide the information for judicial proceedings in the following circumstances: 1) in response to a court order; (2) in response to a subpoena or discovery request if the requesting party provides "satisfactory assurance" that "reasonable efforts" to provide notice to the victim has occurred; or (3) in response to a subpoena or discovery request if the requesting party provides "satisfactory assurance" that "reasonable efforts" to obtain a "qualified protective order" have occurred. Defendant contends that none of the three requirements have been met in this case.

Lastly, Defendant argues in a conclusory fashion that it is subject to the EU's DPR that prohibits dissemination of personal information without the person's consent.

### III.  Discussion

In *Kallas v. Carnival Corp.*, No. 06-20115-CIV-SIMONTON, 2007 WL 2819385, at *1–2 (S.D. Fla. Sept. 25, 2007), the Court compelled Defendant to provide the names, contact information, and unredacted medical information of passengers—over Defendant's HIPAA and FIPA objections—who contracted Norovirus because the individuals could be vital witnesses and Plaintiff agreed to a protective order. *See also Rader v. NCL (Bahamas) Ltd.*, NO. 16-CIV-23390-COOKE/TORRES, 2017 WL 7796320, at *3 (S.D. Fla. Apr. 27, 2017) ("While an accident report created after a passenger injury would be protected, certain information contained in those reports—such as the identity of the injured passenger, the date and time the incident took place, the location of the

ship and the circumstances leading up to and surrounding the incident—would not be.") (footnote and citation omitted).

Here, the undersigned finds that the name and contact information of the individual who reported the prior incident is discoverable because the individual could be used as a vital witness in establishing whether the prior incident and the one that took place in the instant case were substantially similar. As a result, Plaintiff's Motion to Compel is Granted.

### IV. Conclusion

Based on the foregoing, it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion to Compel, ECF No. 32, is GRANTED as follows:

> Defendant shall turn over the identity and contact information of the individual who reported the prior incident.

**DONE and ORDERED** at Fort Lauderdale, Florida this 2nd day of July 2020.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable K. Michael Moore, Chief Judge
All Counsel of Record